# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
    **v.** )     **ID# 2111014293**
)
JOHN COLLINS )
)

Date Submitted: January 13, 2025
Date Decided: January 29, 2025

## ORDER

On this 29th day of January, 2025, after having considered John Collins's *pro se* "Motion for Sentence Modification/Reduction," which was originally stayed during the pendency of Collins's direct appeal, it appears to the Court that:

1.    Collins was convicted of three counts of Attempted Assault in the First Degree, one count of Assault Second Degree, five counts of Possession of a Deadly Weapon During the Commission of a Felony, one count of Receiving Stolen Property Over $1500, one count of Resisting Arrest with Force or Violence, three counts of Criminal Mischief, one count of Attempted Theft under $1500 and one count of Criminal Trespass Second Degree on December 16, 2022.[1]

---

[1] D.I. 26.

2.     Defendant was sentenced on December 22, 2023.[2]  Defendant then filed a direct appeal of his conviction to the Supreme Court of Delaware on January 23, 2024.[3]  During the pendency of his appeal, Collins filed the instant motion.[4]

3.     Superior Court Criminal Rule 35 governs motions for modifications of sentence.  Superior Court Criminal Rule 35(a) controls motions to correct an illegal sentence.  Superior Court Criminal Rule 35(b) states: "the court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed. This period shall not be interrupted or extended by an appeal, except that a motion may be made within 90 days of the imposition of sentence after remand for a new trial or for resentencing. The court may decide the motion or defer decision while an appeal is pending.  Further, the Court may decide the motion without presentation or formal hearing."[5]

4.     This motion was stayed during the pendency of his appeal.[6] Collins's direct appeal was denied by the Supreme Court on January 13, 2025.[7]  This matter is now ripe for review.

---

[2] D.I. 29.
[3] D.I. 32.
[4] D.I. 43.
[5] Super. Ct. Crim. R. 35(b).
[6] D.I. 44.

5. Collins's motion does not specify under which subsection of Rule 35 he is moving, but raises three grounds for relief. Each ground raises an issue of ineffective assistance of counsel.

6. Given that there are no issues raised regarding the legality of his sentence, that this is Collins's first motion to modify his sentence, and it was filed within ninety (90) days of his sentencing, the motion is timely and will be considered under Rule 35(b).[8]

7. Although timely, the motion is still without merit. All three grounds raised are inappropriate for consideration under Rule 35. The proper procural vehicle for raising claims of ineffective assistance of counsel is found in Superior Court Criminal Rule 61.[9] Given that Collins's has not raised any ground for relief proper for review under Superior Court Criminal Rule 35, the motion is **DENIED.**

**IT IS SO ORDERED.**

_____
**Danielle J. Brennan, Judge**

CC:  John Collins (SBI: 00967925)
     Department of Justice
     Ben Gifford, Esquire
     Prothonotary

---

[7] *Collins v. State*, 2025 WL 79571 (TABLE) (Del. Supr.)
[8] Superior Court Criminal R. 35.
[9] *See* Superior Court Criminal Rule 61; *see also State v. Braithwaite*, 2024 WL 4752080, at *2 (Del. Super.)